25-267-cv
*Price v. Hale Global*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty-six.

Present:
> WILLIAM J. NARDINI,
> SARAH A. L. MERRIAM,
> *Circuit Judges*,
> M. MILLER BAKER,
> *Judge.*[*]

---

NEAL EVAN PRICE,

> *Plaintiff-Appellant*,

v.                                                                                     25-267-cv

HALE GLOBAL, PATCH,

> *Defendants-Appellees*.

---

For Plaintiff-Appellant:          Neal Evan Price, *pro se*, Olympia Fields, IL.

For Defendants-Appellees:      Dominique Scalia, DBS Law, Seattle, WA; Malcolm Seymour, Foster Garvey PC, New York, NY.

---

[*] Judge M. Miller Baker, of the United States Court of International Trade, sitting by designation.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Price, proceeding *pro se*, appeals from the district court's judgment dismissing his defamation action against Hale Global and Patch, an online media company. Price's action arises from an article about Price published on Patch.com in 2013. Defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Price's operative complaint as barred by the statute of limitations. The district court granted defendants' motion to dismiss, agreeing that, under the law of any relevant state, Price's defamation claim is time barred. *Price v. Hale Global*, 24-CV-2826 (JMF), 2024 WL 5009787 (S.D.N.Y. Dec. 6, 2024). We assume the parties' familiarity with the case.

"We review *de novo* a district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the plaintiffs." *Muto v. CBS Corp.*, 668 F.3d 53, 56 (2d Cir. 2012).[1] "The application of a statute of limitations presents a legal issue and is also reviewed *de novo*." *Horror Inc. v. Miller*, 15 F.4th 232, 241 (2d Cir. 2021). "Dismissal under [Rule] 12(b)(6) is appropriate when a defendant raises a statutory bar, such as lack of timeliness, as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015). "[W]e

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

We agree with the district court that Price's defamation claim is time barred under the law of all three states with connections to the claim, namely New York, Georgia, and Illinois. *Price*, 2024 WL 5009787, at \*1–\*2. On appeal, Price argues that the district court should have applied equitable tolling or an Illinois "discovery rule," under which a cause of action for defamation accrues only when a plaintiff discovers the defamatory material. *Id.* at \*2–\*3 (citing *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.,* 61 Ill.2d 129, 130–33 (1975)). But the district court correctly concluded that equitable tolling was not warranted and that the discovery rule did not apply. First, Price failed to articulate any basis for equitable tolling. Price alleged in the Amended Complaint that the article "could be easily found at the time of the original filing" and did not explain why he failed to discover it earlier. App'x at 11. Second, even assuming the applicability of Illinois law, Illinois's discovery rule generally does not apply to mass media publications, *see Tom Olesker's Exciting World of Fashion*, 61 Ill.2d at 137–38, including public websites, *see Snow Sys., Inc. v. Tanner*, 2017 IL App (1st) 160347-U, ¶ 32 (Ill. App. Ct. Feb. 22, 2017).

We have considered all of Price's arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3